UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERICK BANEGAS-MALDONADO,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; PATRICIA HYDE, Field Office Director; MICHAEL KROS, HSI New England Special Agent in Charge; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; KRISTI NOEM, U.S. Secretary of Homeland Security; and PAMELA BONDI, U.S. Attorney General,<br><br>Respondents. | Civil Action No. 1:25-cv-13819-IT |

MEMORANDUM & ORDER

December 16, 2025

TALWANI, D.J.

Petitioner Erick Banegas-Maldonado is a Honduran national who entered the United States on or about August 4, 2019. Pet. ¶ 1 [Doc. No. 1]. Petitioner alleges, and Respondents do not contest, that in early December 2025, federal immigration officials arrested Petitioner and placed him in the custody of U.S. Immigration and Customs Enforcement ("ICE"). Id. Petitioner is currently detained at the Plymouth County Correctional Facility in Plymouth, MA. Id.

On December 12, 2025, Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1] with this court. Petitioner contends that, because of his residence within the United States since 2019, Petitioner is subject to detention pursuant to 8 U.S.C. § 1226(a), which requires a bond hearing. Id. ¶¶ 39–42.

1

Respondents concede that "the legal issues presented in this Petition are similar to those recently addressed by this Court in Doe v. Moniz, __ F. Supp. 3d __, 2025 WL 2576819 (D. Mass. Sept. 5, 2025); [Elias] Escobar v. Hyde, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); Da Silva v. Hyde, No. 25-cv-12638-IT (D. Mass. Oct. 7, 2025); Venancio v. Hyde, No. 25-cv-12616-IT (D. Mass. Oct. 9, 2025); and Caguana-Caguana v. Moniz, 2025 WL 3171043 (D. Mass. Nov. 13, 2025)." Resp. 1 [Doc. No. 6] (cleaned up). Though Respondents note their disagreement with these decisions, Respondents acknowledge that, "should the Court follow its reasoning in Doe, [Elias] Escobar, Da Silva, Venancio, and Caguana-Caguana, it would reach the same result here." Id.

Nothing in the record indicates that Petitioner, who has resided in the United States since 2019, was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The court finds the reasoning in Doe remains correct and that Petitioner's detention is governed by 8 U.S.C. § 1226. The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), is unpersuasive and does not change the analysis. See Elias Escobar, 2025 WL 2823324, at *3 (citing cases reaching the same conclusion).

Accordingly, the Petition for Writ of Habeas Corpus [Doc. No. 1] is GRANTED as follows. No later than December 23, 2025, Banegas-Maldonado must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Banegas-Maldonado in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

IT IS SO ORDERED.

December 16, 2025                              /s/ Indira Talwani
                                               United States District Judge